**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

WALLACE A. GARDNER, ADC # 110784                                        PLAINTIFF

v.                                    5:11-cv-00096-DPM-JJV

OUTLAW, Assistant Warden, Maximum Security
Unit, Arkansas Department of Correction;
STRAUGHN, Warden, Maximum Security Unit,
Arkansas Department of Correction; PAMELA C.
CONNER, Administrative Specialist, Maximum
Security Unit, Arkansas Department of Correction;
and MARVIN EVANS, JR., Deputy Director,
Arkansas Department of Correction                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P.
Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections
should be specific and should include the factual or legal basis for the objection.  If the objection is
to a factual finding, specifically identify that finding and the evidence that supports your objection.
An original and one copy of your objections must be received in the office of the United States
District Court Clerk no later than fourteen (14) days from the date of the findings and
recommendations.  The copy will be furnished to the opposing party.  Failure to file timely
objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or
additional evidence, and to have a new hearing for this purpose before either the District Judge or
Magistrate Judge, you must, at the time you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence to be proffered at the new hearing (if such a hearing is granted) was

not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, Wallace Gardner, is an inmate in the Arkansas Department of Correction (ADC) Maximum Security Unit (MSU).  (Doc. No. 57.)  He filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging unconstitutional conditions of confinement. (*Id.*)  He named Warden Straughn, Deputy Warden Outlaw, Administrative Specialist Conner, and ADC Deputy Director Evans as Defendants.  (*Id.*)  Defendants filed a Motion for Summary Judgment alleging Plaintiff failed to exhaust his administrative remedies and they are, therefore, entitled to summary judgment as a matter of law. (Doc. No. 56).  In the alternative, Defendants argue that they are entitled to summary judgment because Plaintiff fails to state a claim upon which relief may be granted.

## I.      SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317,

321 (1986); *Janis v. Bresheuvel*, 428 F.3d 795, 798-99 (8th Cir. 2005).  Although the evidence is viewed in a light most favorable to the nonmoving party, *Nooner v. Norris*, 594 F.3d 592, 600 (8th Cir. 2010), the nonmoving party has the burden of going beyond the pleadings and by affidavit or otherwise, producing specific facts that show that there is a genuine issue for trial.  *Janis*, 428 F.3d at 799.  A genuine issue of fact exists if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material when it might affect the outcome of the case. *Rakes v. Life Investors Ins. Co. of Am.*, 582 F.3d 886, 894 (8th Cir. 2009).

## II.     UNDISPUTED FACTS

On or about December 16, 2010, Plaintiff filed grievance no. MX-10-02738, informing the MSU Warden and staff that for the past two weeks, the water in his cell was dark-brown and had a foul smell.  (Doc. Nos. 57, 59).  Plaintiff states "the water that was coming out of the sink faucet was dark brown and had a bad smell to it.  And for the past 2-weeks prior to that, I had became [*sic*] very sick to my stomach, and a sore had shown up at the inside of my lower gum, which is still being treated to this date, and my stomach."  (Doc. No. 1 at 4.)  Plaintiff states that as a result of his exposure to this water, he became sick to his stomach and developed a sore/ulcer on the inside of his lower gum.  (*Id.*)  The Warden found Plaintiff's grievance to be without merit and Plaintiff filed an appeal.  (Doc. No. 59). On appeal, his grievance was again ruled to be without merit.  (Doc. No. 59).  Shortly thereafter, Plaintiff filed the instant Complaint.

## III.    ANALYSIS

### A.     Exhaustion

Defendants Outlaw, Evans, and Conner argue that Plaintiff's claims against them should be dismissed because he failed to name them in any exhausted grievance as required by the ADC grievance procedure and the Prison Litigation Reform Act (PLRA).  According to these Defendants,

the ADC Inmate Grievance Procedure in place at the time requires inmates to "be specific as to the complaint, date, place, personnel involved and how [the inmate was] affected." (Doc. Nos. 58 at 4; 58-1 at 18).

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). The PLRA exhaustion provision specifically provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Jones*, 549 U.S. at 211; *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Under the PLRA, failure to exhaust administrative remedies is an affirmative defense. *Jones*, 549 U.S. at 216.

The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 922-923. It merely requires compliance with prison grievance procedures to properly exhaust. *See id.* at 922-23. Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id.* at 923-924.

According to the ADC Inmate Grievance Procedure in place at the time, Administrative Directive 09-01, inmates must be "specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate

submitting the form." (Doc. No. 58-1 at 5, ¶ E.2.) It further provides that, "[i]nmates who fail to name all parties during the grievance process may have their lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties." (*Id.* at 4, ¶ C.4.)

In grievance MX-10-02738, Plaintiff states "[t]his grievance is against Warden Straughn and all administrating staff here at Tucker Max Unit[.]" Defendants state this language is insufficient. In support, Defendants submit an affidavit from Barbara Williams, the ADC Inmate Grievance Coordinator, confirming that in grievance MX-10-02738, Plaintiff only names Warden Straughn as a defendant. (Doc. No. 58-2.) Ms. Williams also states that upon reviewing Plaintiff's grievance appeal history, she found no other exhausted grievances related to water quality that named Defendants Outlaw, Conner, or Evans. (*Id.*)

Plaintiff responds that although he did not file a separate grievance on each defendant, the procedure "tells us to file it in a certain manner and that's what I did with this Grievance." (Doc. No. 59 at 3.) Plaintiff directs the Court's attention to Exhibits 2-6, attached to his response. (*Id.*)

On review of the attached exhibits, the Court finds that Plaintiff failed to specifically name Defendants Outlaw, Conner, and Evans in any exhausted grievance. The Court further finds that the words "all administrating staff here at Tucker Max Unit" fail to comply with the ADC requirement that inmates "be specific as to . . . the personnel involved" in their grievance. Defendants Outlaw, Conner, and Evans should, therefore, be DISMISSED due to Plaintiff's failure to exhaust his administrative remedies against them.

### B.    Conditions of Confinement

In his Complaint, Plaintiff asserts that the water conditions at MSU caused him to become sick to his stomach and caused a sore in his mouth. The Eighth Amendment prohibits the infliction of "cruel and unusual punishment" on those convicted of a crime. U.S. CONST. amend. VIII. The

Constitution, however, does not mandate comfortable prisons and only those deprivations denying the minimal civilized measures of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Conditions of confinement will constitute cruel and unusual punishment only when they have a mutually enforcing effect that produces the deprivation of a single identifiable human need such as food, warmth, or exercise. *Id.* at 304; *Whitnack v. Douglas Cnty.*, 16 F.3d 954, 957 (8th Cir. 1994).

To prevail on an Eighth Amendment claim, an inmate must prove both an objective and a subjective element. *Simmons v. Cook*, 154 F.3d 805, 807 (8th Cir. 1998). First, the alleged deprivation, objectively, must be sufficiently serious; the prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities; or the prison official must incarcerated the inmate under conditions posing a substantial risk of serious harm. *Id.*; *see Johnson v. Boyd*, 676 F. Supp. 2d 800, 807 (E.D. Ark. 2009). Second, the prison official, subjectively, must act with deliberate indifference to inmate health or safety. *Simmons*, 154 F.3d at 807. Furthermore, while a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation. *White v. Holmes*, 21 F.3d 277, 281 (8th Cir. 1994).

After careful review of the Motion for Summary Judgment and supporting evidence, the Court finds that Plaintiff's allegation fails to rise to the level of an Eighth Amendment violation. Warden Straugh provided a declaration stating neither he nor any other personnel at the MSU have control of the water supply. (Doc. No. 58-7 at 1.) Warden Straugh states, "The Arkansas Department of Health regularly evaluates the Max Security Unit's water supply, and I am not aware of any reported violations at the time Plaintiff complains of." *Id.* Leon Starks, Assistant Director for Construction and Maintenance, stated, "The Max Security Unit's water supply system is regularly flushed and tested. Because the water supply systems are regularly flushed the water may at times

have a brown or reddish color, and the water may have an unusual smell, but the water is safe to drink." (Doc. No. 58-8 at 1.) He further states, "Required water quality tests are conducted regularly. . . and the unit's water was safe to drink at the time Wallace Gardner complains of. The Max Security Unit received no water analysis reports from the Arkansas Department of Health showing the water was unsafe to drink at that time." (*Id.* at 2.) Bacteriological reports from the Arkansas Department of Health for the relevant time periods support the declarations of Warden Straughn and Mr. Starks. And based on these declarations and the supporting documentation, Plaintiff is unable to meet either the subjective or objective elements to support his Eighth Amendment claim.

In addition, Defendants argue that Plaintiff has a history of dental and digestive issues and cannot prove an actual injury related to his exposure to the water at MSU. In support they have submitted Plaintiff's medical and dental records. (Doc. Nos. 58-3 thru 58-6.) His records reveal that on May 9, 2005, he was diagnosed with "esophageal spasm[s] from reflux." (Doc. No. 58-3.) In his Response, Plaintiff admits that in the past he received treatment for acid reflux and heart-burn/gastroesophageal issues. (Doc. No. 59 at 3.) He also states that until December 16, 2010, he was able to manage his symptoms with medication. (*Id.*) Plaintiff asserts Defendants overlook the fact that after December 16, 2010, he began suffering from headaches. (*Id.*)

Plaintiff's records reveal that in 2008 Plaintiff received treatment for bleeding gums. (Doc. No. 58-6.) In 2009 he was diagnosed with gingivitis. (*Id.*) Since then, his dental health has steadily declined. During an April 21, 2010, visit it was first suggested that Plaintiff have several teeth extracted. In November 2010, he was diagnosed with an abscess on "tooth seven" that later grew to encompass "teeth nine and ten." (*Id.*)

In order to prevail on his § 1983 claim, Plaintiff must also prove that the Defendants'

unconstitutional act was the "cause in fact" of his injury. *Butler v. Dowd*, 979 F.2d 661, 669 (8th Cir. 1992). Conduct is the cause in fact of a particular result if the result would not have occurred but for the conduct. *Id.* If the result would have occurred without the conduct complained of, such conduct cannot be a cause in fact of that particular result. *Id.* at 669-70.

Other than his own assertions, Plaintiff provides no specific facts to substantiate his claim that he developed further digestive problems as a result of drinking the discolored water at MSU. He also provides no specific facts to support his claim that he developed headaches from drinking the discolored water. Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment. *Thomas v. Corwin*, 483 F.3d 516, 527 (8th Cir. 2007).

On viewing the evidence in a light most favorable to Plaintiff, the Court finds that Plaintiff's current health issues predate his exposure to the discolored water at MSU. Plaintiff cannot establish that he sustained an actual injury, nor can he established the necessary causal link. Plaintiff is, therefore, unable to maintain an Eighth Amendment claim. Accordingly, Plaintiff's Complaint (Doc. No. 1) should be DISMISSED for failure to state a claim upon which relief may be granted.

### C. Respondeat Superior Liability

However, even if Plaintiff had provided proof of an actual injury, his claims against Warden Straughn would still be dismissed. Plaintiff seeks to hold Warden Straughn liable on a theory of respondeat superior liability. To state a claim under § 1983, a plaintiff must plead that each defendant, through the defendant's own actions violated the Constitution. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011). A prison official may not be held liable under § 1983 for the constitutional violations of a subordinate on a respondeat superior theory. *Lenz v. Wade*, 490 F.3d 991, 995 (8th Cir. 2007). A cause of action predicated on a prison official's failure to supervise or

control his subordinates may be maintained only if the plaintiff can demonstrate that the official

acted with deliberate indifference or tacitly authorized the offensive act. *White*, 21 F.3d at 280.

Likewise, supervisory liability for a pervasive and unreasonable risk of harm from a specified source

must be based on deliberate indifference or tacit authorization. *Id.*

## IV.   CONCLUSION

1.   Defendants' Motion for Summary Judgment (Doc. No. 56) should be GRANTED:

a.   Defendants Outlaw, Conner, and Evans should be DISMISSED without prejudice for Plaintiff's failure to exhaust administrative remedies.

b.   Claims against Defendant Straughn are barred and should be DISMISSED with prejudice.

2.   The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting the recommendations and the accompanying Judgment would not be taken in good faith.

SO ORDERED this 1st day of October 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE